**Judee Monsca CRUZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73168.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2013.*

Filed May 24, 2013.

Thomas Prince, Law Offices of Thomas Prince, Pomona, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

OIL, Richard Zanfardino, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Judee Monsca Cruz, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006). We deny the petition for review.[1]

Substantial evidence supports the agency's determination that Cruz was ineligible for withholding of removal because she failed to establish either past persecution or an independent showing of a clear probability of future persecution in the Philippines. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b); *Tamang v. Holder,* 598 F.3d 1083, 1091 (9th Cir.2010); *see also Santos—Lemus v. Mukasey,* 542 F.3d 738, 742–44 (9th Cir.2008)(recognizing that safety of similarly situated family member is substantial evidence that there is not a basis for fearing persecution).

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the agency's denial of CAT relief because Cruz failed to show that it is more likely than not that she will be tortured by or with the consent or acquiescence of government officials if she is removed to the Philippines. *See Santos—Lemus,* 542 F.3d at 747–48.

**PETITION FOR REVIEW DENIED.**

1. Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).